**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 92-CR-20076-01

MICHAEL SANTOYO,

    Defendant.
                                                /

**OPINION AND ORDER CONSTRUING "DEFENDANT'S MOTION FOR RELIEF . . ."
AS A SUCCESSIVE PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2255
AND TRANSFERRING THE PETITION TO THE COURT OF APPEALS**

Defendant filed the above-captioned motion on May 1, 2007. Nearly-identical motions have been filed earlier, construed by this court as second or successive habeas corpus petitions and transferred to the Sixth Circuit. The court will again interpret Defendant's motion as a successive petition for habeas corpus and transfer it to the court of appeals.

**I. BACKGROUND**

Defendant argues under Federal Rules of Civil Procedure Rule 60(b)(6) that various drug amounts included in his sentence calculation should not have been included because the court did not adhere to proper procedure pursuant to *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

**II. STANDARD**

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when

"the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)), *cert. denied*, 508 U.S. 943 (1993).

### III. DISCUSSION

Although Defendant claims to be filing under Rule 60(b), the motion is more properly labeled under 28 U.S.C § 2255. In *Gonzalez v. Crosby*, 545 U.S. 524; 125 S.Ct. 2641, 2647-48 (2005), the Supreme Court found that a pleading alleging a constitutional error or a subsequent change in the substantive law that is labeled a Rule 60(b) motion, but is in substance a successive habeas petition, should be treated accordingly. In addition, the Court found that a "habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at 2647 (citation omitted).

In the instant motion, Defendant argues, once again, that this court violated the Supreme Court's prohibition against the inclusion of such evidence as announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because *Apprendi* was decided almost seven years after Defendant's sentence was imposed, Defendant's motion depends upon a purported subsequent change in substantive law, which requires a habeas

2

application under 28 U.S.C. § 2255.  Furthermore, the Supreme Court in *Gonzalez* found that Rule 60(b) should only apply when its application is not inconsistent with other statutory provisions.  125 S.Ct. at 2656.  Applying Rule 60(b) in the instant case would run contrary to § 2255, which limits application of the Federal Rules of Civil Procedure "to the extent that they are not inconsistent with any statutory provisions or these rules . . . ."  28 U.S.C. § 2255 Rule 12.  The court will therefore consider Defendant's motions a petition under 28 U.S.C § 2255.

Defendant filed a first § 2255 motion in 1997 which was denied on January 21, 1998.  "[F]ederal prisoners seeking to file a second or successive motion attacking a sentence under § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request."  *In re Sims* 111 F.3d 45, 46 (6th Cir. 1997) (citing 28 U.S.C. §2244(b)(3); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333) (1996)).  Here, therefore, Defendant must first seek permission from the Sixth Circuit Court of Appeals before such a § 2255 motion can be presented to this court, and because Defendant has not done so, his claim cannot be maintained.  As this court has previously commented, Defendant's failure to seek authorization should not be surprising given his attempt to label his successive habeas petition as motions under Rule 60(b).  Pursuant to 28 U.S.C. § 1631, the court will transfer Defendant's petition to the circuit court for authorization.  *See Sims*, 111 F.3d at 47.

## VI.  CONCLUSION

IT IS ORDERED that "Defendant's Motion for Relief. . ." [Dkt #492] shall be

TRANSFERRED to the U.S. Court of Appeals for the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2255.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 7, 2007, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\92-20076.SANTOYO.DenySuccessiveHabeas.May2007.wpd

4