**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 92-CR-20076

MICHAEL SANTOYO,

    Defendant.
                                        /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR
MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)"**

Before the court is Defendant Michael Santoyo's December 5, 2007 "Motion for Modification of Sentence Pursuant to 18 U.S.C. §3582(c)(2)." This motion has been fully briefed and the court concludes that a hearing on the motion is not necessary. *See* E.D. Mich LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

On February 9, 1993, a jury found Defendant guilty of one count of conspiracy with intent to distribute cocaine and three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841, respectively. Defendant was sentenced to life imprisonment on May 24, 1993. Defendant filed a timely appeal of his conviction on May 26, 1993. Defendant's conviction was affirmed by the Sixth Circuit Court of Appeals in a mandate issued September 26, 1994. The Supreme Court denied certiorari on January 23, 1995.

Following his conviction and appeal, Defendant made multiple motions requesting this court to vacate his sentence. The first of these was submitted on May 5, 1997 and requested relief under 28 U.S.C. § 2255. This court denied the motion in a January 21, 1998 order. Defendant then filed a second motion under 28 U.S.C. § 2255 on July 15, 2003 which was transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether certification to file a successive § 2255 motion should issue pursuant to 28 U.S.C. § 2244. Following this, Defendant filed three more motions on April 26, 2004, September 8, 2005 and May 1, 2007, each, in essence, requesting the court to vacate his sentence. This court construed each of these three motions as successive § 2255 motions and transferred them to the Sixth Circuit.

In the instant motion, Defendant now requests that the court reconsider and modify the sentencing guidelines that were applied to him in light of Amendments 503 and 591 to the United States Sentencing Guidelines ("U.S.S.G."). (Def.'s Mot. at 13-14.) With respect to Amendment 503, Defendant admits that Amendment 503 was not designated for retroactive application and therefore does not apply to sentences issued before its enactment. (*Id.* at 4.) However, Defendant argues that Amendment 503 may still be applied retroactively because it is a clarification of the operation of the U.S.S.G. as opposed to a substantive change. (*Id.* at 4-5). In support of this argument, Defendant urges this court to adopt the reasoning of the Second Circuit in *United States v. Sabbeth*, 277 F.3d 94 (2nd Cir. 2002). (Def.'s Mot. at 5-10.) With respect to Amendment 591, Defendant argues that it was given retroactive effect, and that with the guidance of Amendment 591 the Probation Officer would have reached a different sentencing calculation. (*Id.* at 11-12.) As a result, Defendant contends that he is

2

entitled to recalculation of his sentencing guidelines and a reconsideration of his sentence as a whole. (*Id.* at 1.)

The Government responds that Amendment 503 was not designated as retroactive and that relief under 18 U.S.C. § 3582(c)(2) is therefore unavailable to Defendant. (Gov.'s Resp. at 2.) The Government also asserts that neither Amendment 503 nor Amendment 591 apply to this case. (*Id.* at 2.)

## II. DISCUSSION

### A. Jurisdiction

Pursuant to 18 U.S.C. § 3582(c)(2), a court may "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, the Sixth Circuit has instructed that "certain motions titled as § 3582 motions should be treated as § 2255 motions in some circumstances." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). Ascertaining the proper construction of Defendant's motion is the threshold issue.

Pursuant to 28 U.S.C. §§ 2244 and 2255, a federal prisoner filing a second motion under § 2255 must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244. The effect of this statute is that a district court does not have jurisdiction to hear successive § 2255 motions without authorization from the appropriate court of appeals. Here, Defendant has already filed one motion specifically requesting habeas relief under § 2255, which this court denied on January 21, 1998. As a result, if this court determines that the

instant motion is merely another collateral attack on Defendant's sentence, this court lacks jurisdiction and must transfer this motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether certification to file a successive § 2255 motion should issue.

In *Carter*, the Sixth Circuit articulated the test for determining the proper construction of a motion brought under 18 U.S.C. § 3582(c)(2). If a motion asserts that the sentencing guidelines have been modified in a manner that is applicable to the defendant's sentence and requests the relief that § 3582 provides, then the motion is properly construed as a § 3582 motion. *Carter*, 500 F.3d at 490. Conversely, if a motion attacks the underlying conviction or the merits of the case, it should be construed as a § 2255 motion. *Id.* at 490.

In this case, there is language in both Defendant's motion as well as in his "Traverse to the Government's Motion" to believe that the current motion is nothing more than a collateral attack on his merits of his case. In both pleadings, Defendant states that an improper quantity of narcotics was relied upon when his sentencing guidelines were calculated. (Def.'s Mot. at 3-4, 11-12; Def.'s Trav. at ¶ 4.) This assertion is essentially the same argument Defendant made in his objections to the Presentence Investigation Report as well as in at least two of his motions to vacate his sentence. However, the bulk of Defendant's motion, including his prayer for relief, requests a modification of his sentence, as opposed to simply vacating the sentence entirely. (Def.'s Mot. at 13). While the question is close, this court nonetheless determines that it does have jurisdiction to decide this motion pursuant to 18 U.S.C. § 3582(c)(2) to the extent that the motion requests relief under § 3582.

4

## B. Amendment 503

Under 18 U.S.C. § 3582(c)(2) a defendant may move the court to "reduce the term of imprisonment . . . if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10(a), which states:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is *not* consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a) (emphasis added). Furthermore, Application Note 1 states that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only* by an amendment listed in subsection (c) that lowers the applicable guideline range." *Id.* (emphasis added). Therefore, U.S.S.G. § 1B1.10(c) lists the amendments that may be applied retroactively for purposes of 18 U.S.C. § 3582(c)(2). Because Amendment 503 is not listed among the amendments designated for retroactive application in U.S.S.G. 1B1.10(c), Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2).

Defendant, however, asserts that Amendment 503 is nevertheless subject to retroactive application because it is a clarifying amendment as opposed to a substantive change to the guidelines. (Def.'s Mot. at 4-5.) In support of this proposition Defendant relies upon *Jones v. United States*, 161 F.3d 397 (6th Cir. 1998). In *Jones*, the defendant filed a motion under 28 U.S.C. § 2255, requesting a reconsideration of his sentence following the enactment of Amendment 500 to the U.S.S.G. § 3B1.1. *Id.* at

5

398-99. The Sixth Circuit found that although Amendment 500 was not designated for retroactive application, it was nevertheless entitled to such an application because it was a clarifying amendment as opposed to a substantive change. *Id.* at 402-03. Defendant also urges this court to adopt the reasoning of the Second Circuit in *Sabbeth*, *supra*. (Def.'s Mot. at 5-10.)

A nearly-identical argument for retroactive application of Amendment 503 was rejected by another judge of this bench in *Lee v. United States*, 36 F.Supp.2d 781 (E.D. Mich. 1999) (Rosen, J.). As in the instant motion, the movant, Lee, brought a motion under 18 U.S.C. § 3582(c)(2) for reconsideration of his sentence in light of Amendment 503. *Lee*, 36 F.Supp.2d at 782. Also as in the instant case, Lee cited *Jones* in support of the assertion that Amendment 503 should have retroactive effect because it is a clarifying amendment. *Id.* at 783. In denying the defendant's motion, the *Lee* court held that:

> [Defendant's] argument fails to recognize, however, the crucial distinction that the present case involves a motion brought under 18 U.S.C. § 3582(c)(2) rather than 28 U.S.C. § 2255. Unlike § 2255, the express terms of § 3582(c)(2) mandate that any reduction in sentence be "consistent with applicable policy statements issued by the Sentencing Commission." Thus, in resolving a § 3582(c)(2) motion, the Court cannot rely solely on its own subjective determination of "fairness" - the basis for the Sixth Circuit's decision in *Jones*. Rather, the Court must find textual support for its decision in the policy statements enacted by the sentencing Commission.
>
> Turning to the Guidelines, the policy statement set forth in § 1B1.10, which speaks directly to § 3582(c)(2) motions, makes no distinction between clarifying and substantive amendments. Indeed, Application Note 1 to this section expressly provides, "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only* by an amendment listed in subsection (c) that lowers the applicable guideline range." (emphasis added). Accordingly the Court finds *Jones* inapplicable to the present case brought under § 3582(c)(2).

6

*Id.* at 783-84. Although a decision of a district court is not binding upon this court, it may present persuasive authority. The court finds that *Lee* is well-reasoned and thorough, and agrees with its analysis. The court adopts the reasoning in *Lee* and concludes that *Jones* is inapplicable to the instant motion.

Furthermore, even if Amendment 503 had retroactive effect Defendant would not be entitled to a modification of his sentence. Amendment 503 "clarifies the operation of § 1B1.3 with respect to the accountability for the action of other conspirators prior to the defendant joining the conspiracy." U.S. Sentencing Guidelines Manual, Appendix C, Amendment 503. Defendant argues that the calculation of his sentencing guidelines with respect to the quantity of drugs involved included amounts distributed before he was a member of the conspiracy. (Def.'s Mot. at 4.) However, this court found that Defendant was the ringleader of the conspiracy throughout the period charged and therefore held him responsible for the entire quantify of drugs distributed during this period. (5/24/93 Sent. Tr. at 15-28.) Defendant was not held responsible for any drugs distributed before the charged period. Therefore, Amendment 503 is inapplicable.

### C. Amendment 591

Unlike Amendment 503, Amendment 591 was specifically designated for retroactive application in connection with an 18 U.S.C. § 3582(c)(2) motion. U.S.S.G. § 1b1.10(c). As a result, Defendant may seek a modification of his sentence under 18 U.S.C. § 3582(c)(2) in accordance with the amendment. *United States v. Augarten*, No. 03-3352, 2003 WL 23095537 (6th Cir. Dec. 11, 2003). However, Amendment 591 does not apply to Defendant's case.

Amendment 591 states that, even if a defendant engaged in conduct described in U.S.S.G. § 2D1.2, the enhancements of § 2D1.2 do not apply unless the defendant is convicted of an offense referenced to in § 2D1.2. U.S.S.G. § 2D1.2, Amendment 591. Here, Defendant was convicted of one count of conspiracy with intent to distribute cocaine and three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841, respectively. Defendant's sentencing guidelines were properly calculated pursuant to U.S.S.G. § 2D1.1, not § 2D1.2. Therefore, Amendment 591 does not apply to Defendant's sentence. *See, e.g., Augarten; United States v. Hupp*, 03-3255, 2003 WL 22435667 (6th Cir. Oct. 23, 2003); *United States v. Chambers*, 02-1080, 2002 WL 31007860 (6th Cir. Sept. 5, 2002).[1]

### III.  CONCLUSION

Under 18 U.S.C. § 3582(c)(2), this court has jurisdiction to decide Defendant's "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." Amendment 503 has not been designated for retroactive application pursuant to U.S.S.G. § 1b1.10(c) and therefore may not be applied retroactively to Defendant's sentence. Furthermore, because Defendant was not held responsible for drugs distributed prior to the charged period of the conspiracy, Amendment 503 does not apply to Defendant's sentence. Finally, Defendant was properly sentenced pursuant to U.S.S.G. § 2D1.1 rather than § 2D1.2 and therefore Amendment 591 does not apply. For these reasons,

---

[1] While unpublished cases are not binding authority, they may nevertheless be persuasive authority. *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 192, 205 n.3 (6th Cir. 2004).

IT IS ORDERED that Defendant's "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Dkt. # 501] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522