**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 92-CR-20076

MICHAEL SANTOYO,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION FOR RECONSIDERATION"**

Pending before the court is Defendant Michael Santoyo's "Motion for Reconsideration" of the court's order denying his December 5, 2007 "Motion for Modification of Sentence Pursuant to 18 U.S.C. §3582(c)(2)." Defendant asserts that the court erroneously declined to find that Amendment 503 to the United States Sentencing Guidelines ("U.S.S.G.") should be given retroactive effect even though it is not listed among the amendments designated for retroactive effect in U.S.S.G. § 1B1.10(c). (Def.'s Mot. at 1-2.) Defendant further asserts that the court erroneously found that Amendments 503 and 591 do not apply to his case. (*Id.* at 2-4). Having reviewed the motion and supporting brief, the court finds that a hearing is not necessary. E.D. Mich. LR 7.1(g)(2). For the reasons stated below, the court will deny Defendant's.

**I. STANDARD**

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a

palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

Defendant's motion for modification of his sentence argued that even though Amendment 503 had not been designated for retroactive application, it may still be applied retroactively because it is a clarification of the operation of the U.S.S.G. as opposed to a substantive change. (Def.'s Mot. for Mod. at 4-5.) In support of this argument, Defendant urged this court to adopt the reasoning of the Sixth Circuit in *Jones v. United States*, 161 F.3d 397 (6th Cir. 1998), as well as that of the Second Circuit in *United States v. Sabbeth*, 277 F.3d 94 (2nd Cir. 2002). (Def.'s Mot. for Mod. at 5-10.) Defendant then argued that, in light of Amendment 503, his sentence calculation erroneously included drugs that were distributed prior to his involvement in the conspiracy. (*Id.* at 4). With respect to Amendment 591, Defendant argued that it was given retroactive effect, and that with the guidance of Amendment 591 the Probation Officer would have reached a different sentencing calculation. (*Id.* at 11-12.)

The court rejected each of Defendant's arguments in a written order issued February 28, 2008. The court concluded that Defendant was not entitled to relief under

2

18 U.S.C. § 3582(c)(2) because Amendment 503 is not listed among the amendments designated for retroactive application in U.S.S.G. 1B1.10(c). (2/28/08 Order at 5.) The court found *Jones* inapplicable to Defendant's motion because *Jones* addressed a motion under 28 U.S.C. § 2255 and was decided on "fairness" as opposed to Defendant's §3582(c)(2) motion, which required an amendment be designated in 1B1.10(c). (2/28/08 Order at 6-7) (*citing Lee v. United States*, 36 F.Supp.2d 781 (E.D. Mich. 1999).) Additionally, the court found that even if Amendment 503 had retroactive effect, Defendant was not entitled to a modification of his sentence because the court found him to be the ringleader of the conspiracy and properly charged him with the entire quantity of drugs distributed during the charged period. (2/28/08 Order at 7.) Regarding Amendment 591, the court found that Amendment 591 addressed changes to U.S.S.G. § 2D1.2, but that Defendant's sentencing guidelines were properly calculated pursuant to U.S.S.G. § 2D1.1. (*Id.* at 8.) Therefore, Amendment 591 does not apply to Defendant's case. (*Id.*)

Defendant's argument for reconsideration is not persuasive. The bulk of the arguments presented by Defendant in the motion for reconsideration raise only "issues already ruled upon by the court, either expressly or by reasonable implication." *See* E.D. Mich. LR 7.1(g)(3). Defendant does bring to the court's attention one case which he failed to raise in his motion for modification. In *Cook v. United States*, No. 89-CR-346, 2006 WL 3333068 (S.D.N.Y. Nov. 15, 2006), the court found that Amendment 503 was entitled to retroactive application because it was a clarifying, as opposed to a substantive, amendment. However, *Cook* suffers from the same flaw as *Jones* in that it addressed a motion brought under § 2255. As a result, just as the court found *Jones*

3

inapplicable, so too is *Cook*.

Defendant has failed to raise any novel issues or demonstrate a palpable defect by the court. Accordingly, the court's previous order stands.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt # 510] is DENIED.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: April 9, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 9, 2008, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522